IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SYLVESTER JACKSON,

                  OPINION AND ORDER

      Plaintiff,

                   12-cv-220-bbc

  v.

MR. FLIEFER, MS. BEAMAN,
CAPT. JENSEN and CAPT. FOSTER,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This prisoner civil rights case brought by pro se plaintiff Sylvester Jackson is ready for screening under 28 U.S.C. § 1915A. The case began as part of Jackson v. Hepp, 11-cv-774-bbc, but I severed it in accordance with Fed. R. Civ. P. 20 because many of the claims were unrelated. Dkt. #1. In particular, I concluded that the following claims would proceed as case no. 12-cv-220-bbc:

> (a) defendants Mr. Flieger and Ms. Beaman "conspire[d] to deny . . . plaintiff from cop[y]ing his 42 U.S.C. § 1983 civil complaint" in case no. 11-cv-136-slc; they later "conspired" to remove legal materials related to that case from plaintiff's cell;
>
> (b) defendants Flieger, Beaman and Capt. Jensen retaliated against plaintiff for filing 11-cv-136-slc by "writing a fabricated conduct report";
>
> (c) defendant Capt. Foster conspired with defendants Flieger, Beaman and Jensen by upholding the false conduct report; Foster refused to allow plaintiff to call an important witness and to present written witness statements.

Since entry of the order severing the case (but before the complaint was screened),

1

plaintiff filed an amended complaint, which he was permitted to do under Fed. R. Civ. P. 15(a)(1) without leave of court. The amended complaint includes similar claims, but adds new defendants Randall Hepp, Gary Hamblin, Jodi Dougherty and CO II Dalbec. In particular, I understand plaintiff to be raising the following claims in his amended complaint:

> (a) on February 14, 2011, defendants Flieger and Beaman refused to allow plaintiff to make copies of a complaint and exhibits he wished to file in federal court, in violation of his right to access the courts;
>
> (b) defendants Flieger, Jensen and Dalbec later confiscated the complaint and exhibits; his complaint was returned to him later the same day, but the exhibits were not returned, in violation of his right to gain access to the courts;
>
> (c) defendant Dalbec gave plaintiff a conduct report "for the 2-14-11 incident," in violation of his to right of access to the courts;
>
> (d) defendant Hepp "failed to protect" plaintiff from the actions of defendants Flieger, Jensen, Dalbec and Beaman, in violation of the equal protection clause;
>
> (e) at the disciplinary hearing, defendant Foster refused to allow plaintiff to call two witnesses "critical" to plaintiff's defense, refused to consider a written statement from a prisoner witness, limited plaintiff's questioning of Dalbec, found plaintiff guilty and imposed 23 days of room confinement, in violation of the due process clause;
>
> (f) defendant Hepp upheld the conduct report, in violation of the due process clause;
>
> (g) defendant Dougherty dismissed plaintiff's grievance, in violation of the due process clause;
>
> (h) defendant Hamblin refused to investigate plaintiff's complaints on this issue, in violation of the due process clause.

I am dismissing each of these claims for plaintiff's failure to state a claim upon which relief may be granted.

With respect to plaintiff's claims that defendants violated his right of access to the courts, it is well established that plaintiff must allege that he suffered an "actual injury." Lewis v. Casey, 518 U.S. 343, 351 (1996), which means that he was hindered in pursuing a non-frivolous civil rights action or a habeas petition. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; see also Walters v. Edgar, 163 F.3d 430, 434 (7th Cir. 1998) ("[I]f the denial [of access to courts] has had no effect on the legal relief sought by the plaintiff, no right has been violated."). Plaintiff does not allege that defendants' refusal to make copies for him or their confiscation of his exhibits prevented him from filing or litigating a lawsuit. For example, he does not say that he was unable to file his complaint, that he missed a deadline or that any of his claims were dismissed as a result of defendants' conduct. This is not surprising. Although plaintiff does not identify in his amended complaint the lawsuit that he was trying to file, in his original complaint he said it was a case filed in this court, no. 11-cv-136-slc (now 11-cv-136-bbc). That case is in the midst of discovery after I granted plaintiff's motion for appointment of counsel. Although I did not allow plaintiff to proceed on all of the claims in his complaint, the dismissals had nothing to do with timeliness or a lack of exhibits. Accordingly, I am dismissing this claim for plaintiff's failure to state a claim upon which relief may be granted.

With respect to the conduct report plaintiff received, it is not clear why plaintiff believes it violated his right of access to the courts. Plaintiff does not include the allegations of the conduct report in the body of his amended complaint, but he attached the report to a previous filing with the court. Dkt. #3-1 at 7-8. In the report, defendant Dalbec accused

3

plaintiff of trying to use his legal loan account to make photocopies for another prisoner's lawsuit in exchange for a share of any settlement the other prisoner might obtain. Dalbec wrote that a search of plaintiff's cell uncovered correspondence between plaintiff and the other prisoner describing their plan. Dalbec charged plaintiff with "unauthorized transfer of property," "enterprises and fraud" and "violations of institution policies and procedures."

If Dalbec's allegations are true, it would not violate plaintiff's constitutional rights to receive a conduct report for attempting to use his legal loan account for another prisoner's litigation. Although plaintiff denies the charges, he does not deny in his complaint that the other prisoner's name was found on a number of the documents he wished to photocopy or that defendant Dalbec found in plaintiff's cell the correspondence described in the conduct report. Even if I assume that the report is false, that would not be a constitutional violation in and of itself.

In his original complaint, plaintiff alleged that Beaman, Fleiger, Jensen and Dalbec conspired to fabricate the report in retaliation for plaintiff's filing a lawsuit against the warden. This is another allegation missing from the amended complaint and I cannot read it in. Wellness Community-National v. Wellness House, 70 F.3d 46, 49-50 (7th Cir. 1995) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case.")(quoting 6 Charles Alan Wright, Arthur Miller, & Mary Kay Kane, Federal Practice and Procedure § 1476 at 556-57, 559 (1990)). However, even if plaintiff had included that allegation, it is questionable whether I could accept it as true. When a prisoner is alleging a conspiracy, he must explain why he believes that conspiracy existed;

4

"mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her [i]s not enough." Cooney v. Rossiter, 583 F.3d 967, 970-71 (7th Cir. 2009). In this case, plaintiff includes no allegations that would support his claim Dalbec was conspiring with the other defendants when he issued the conduct report. Although he says that Flieger raised questions about the other prisoner's name on plaintiff's documents after Flieger "discovered that the complaint included the warden," that alone does not suggest that Flieger had a retaliatory motive. In any event, it was Dalbec, not Flieger who issued the conduct report; and plaintiff's amended "complaint . . . is bereft of any suggestion, beyond a bare conclusion, that [Dalbec was] leagued in a conspiracy with" Flieger. Id. Accordingly, I am dismissing this claim as well.

Plaintiff's remaining claims require little discussion. Because plaintiff has not stated a claim against defendants Dalbec, Flieger, Beaman or Jensen, plaintiff's claim against Hepp for "failing to protect" him from those other defendants must fail as well.

All of plaintiff's claims under the due process clause fail because that clause is not implicated in this case. The due process clause does not apply to all prison disciplinary decisions, as plaintiff seems to believe. Prisoners are not entitled to *any* process under the Constitution unless the discipline they receive increases their duration of confinement or subjects them to an "atypical and significant" hardship. Sandin v. Conner, 515 U.S. 472, 484 (1995). If the discipline does not fall into one of these categories, a prisoner has no recourse under the due process clause, even if he did not receive a hearing or even if the charge against him was a lie.

5

The punishment that plaintiff received, 23 days of room confinement, does not meet the demanding Sandin standard. Such discipline may seem both "atypical and significant" to plaintiff, but the Supreme Court has held the opposite. The Court concluded in Sandin that even placement in disciplinary segregation does not necessarily trigger due process protections. Id. at 485-86. Particularly because of the short duration of the room confinement, plaintiff's allegations do not state a claim upon which relief may be granted. E.g., Hoskins v. Lenear, 395 F.3d 372, 374-75 (7th Cir. 2005) (prisoner not entitled to process for discipline of two months' segregation, loss of prison job, loss of privileges and transfer); Wagner v. Hanks, 128 F.3d 1173, 1175 (7th Cir. 1997) (after Sandin, "it becomes apparent that the right to litigate disciplinary confinements has become vanishingly small").

Although there is no way that plaintiff can save his due process claims, it is possible that he could plead additional facts with respect to his access to the courts claims. Accordingly, I will give plaintiff one more opportunity to file an amended complaint with respect to those claims. To be clear, this is not an invitation for plaintiff to invent new allegations, but only to add allegations that "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). If plaintiff cannot meet this standard, he should not file an amended complaint.

ORDER

IT IS ORDERED that plaintiff Sylvester Jackson's complaint is DISMISSED

WITHOUT PREJUDICE to his filing an amended complaint that addresses the problems discussed in this order with respect to his claims for denial of his right to access the courts. Plaintiff may have until September 10, 2012, to file an amended complaint. If he fails to respond by that date, I will dismiss the case with prejudice and issue a strike under 28 U.S.C. § 1915(g).

    Entered this 20th day of August, 2012.

                              BY THE COURT:

                              /s/
                              BARBARA B. CRABB
                              District Judge