IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SYLVESTER JACKSON,

                                                                                            OPINION and ORDER

                Plaintiff,

                                                                       12-cv-220-bbc

    v.

MR. FLIEGER, MS. BEAMAN,
CAPT. JENSEN, CAPT. FOSTER
and OFFICER DALBEC,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Sylvester Jackson has filed a proposed amended complaint in an attempt to cure the deficiencies identified by the court in an order dated August 20, 2012. In his previous complaint, plaintiff raised numerous claims:

      (a) on February 14, 2011, defendants Flieger and Beaman refused to allow plaintiff to make copies of a complaint and exhibits he wished to file in federal court, in violation of his right of access to the courts;

      (b) defendants Flieger, Jensen and Dalbec later confiscated the complaint and exhibits; his complaint was returned to him later the same day, but the exhibits were not returned, in violation of his right of access to the courts;

      (c) defendant Dalbec gave plaintiff a conduct report "for the 2-14-11 incident," in violation of his right of access to the courts;

1

(d) defendant Hepp "failed to protect" plaintiff from the actions of defendants Flieger, Jensen, Dalbec and Beaman, in violation of the equal protection clause;

(e) at the disciplinary hearing, defendant Foster refused to allow plaintiff to call two witnesses "critical" to plaintiff's defense, refused to consider a written statement from a prisoner witness, limited plaintiff's questioning of Dalbec, found plaintiff guilty and imposed 23 days of room confinement, in violation of the due process clause;

(f) defendant Hepp upheld the conduct report, in violation of the due process clause;

(g) defendant Dougherty dismissed plaintiff's grievance, in violation of the due process clause;

(h) defendant Hamblin refused to investigate plaintiff's complaints on this issue, in violation of the due process clause.

I concluded that plaintiff failed to state a claim upon which relief may be granted with respect to each of these claims. In particular, plaintiff's claims regarding his right of access to the courts failed because he did not identify how any of the defendants prevented him from filing or litigating a case and his due process clause claims failed because prisoners are not entitled to process under the Constitution for being placed in room confinement for 23 days. Although plaintiff could not save his due process claims by alleging additional facts, I gave plaintiff leave to amend his complaint with respect to his access to courts claims.

In his proposed amended complaint, plaintiff has omitted his due process claims, along with defendants Dougherty, Hepp and Hamblin. He alleges that each of the remaining defendants "conspir[ed] to retaliate" against him for filing a lawsuit against the warden. In

addition, he alleges that defendant Foster treated him more harshly at a disciplinary hearing than another prisoner charged with the same offense.

Having reviewed the amended complaint, I am dismissing plaintiff's retaliation claim because his factual allegations do not "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). I am dismissing his equal protection claim because he has not overcome the presumption of rationality courts must give to decisions by public officials. Further, because plaintiff has had multiple opportunities to plead these claims, I decline to give him leave to replead again. United States ex rel. Fowler v. Caremark RX, LLC, 496 F.3d 730, 740 (7th Cir. 2007) (district court may deny leave to amend when plaintiff has had multiple opportunities to correct problem).

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). Plaintiff fairly alleges the following facts in his complaint and accompanying declaration.

## ALLEGATIONS OF FACT

Plaintiff is a prisoner at the Jackson Correctional Institution. In November 2010, prison officials refused to allow another prisoner to help plaintiff with a post conviction motion in his criminal case. As a result, plaintiff "agreed to allow [the other prisoner] to file a class action . . . on behalf of [plaintiff] and other inmates" at the prison.

In February 2011, plaintiff received a copy of the complaint from the other prisoner with instructions to copy, distribute and file the complaint. Randall Hepp, the warden of

the prison, was one of the defendants. Plaintiff brought the complaint to the prison library and asked defendant Flieger, the librarian, to make copies. After taking the complaint into his office and reading it, Flieger told plaintiff that he had called defendant Beaman, who is in charge of the prisoner legal loan program, to approve the copies.

After Beaman arrived, plaintiff showed her that the other prisoner was identified as the person who drafted the complaint and had filed the grievance and appeals related to the complaint. Beaman told Flieger that "there was nothing wrong" and that he should make the copies and mail the complaint. However, Flieger told plaintiff that they would have to speak with Beaman's supervisor before he could make copies. Plaintiff took his complaint and returned to his cell.

A few days later, a correctional officer searched plaintiff's cell and took his complaint, at the direction of defendants Flieger, Jensen (a captain) and Dalbec, another correctional officer. Plaintiff's complaint was returned to him, but not the exhibits. Dalbec later gave plaintiff a conduct report for enterprises and fraud, unauthorized transfer of property and violating institution policies and procedures. In the report, Dalbec accused plaintiff of trying to use his legal loan account to make photocopies for another prisoner's lawsuit in exchange for a share of any settlement the other prisoner might obtain. He wrote that plaintiff's request for disbursement of his legal loan lists his criminal case as the reason for the request even though the complaint was not related to the criminal case. In addition, Dalbec wrote that a search of plaintiff's cell uncovered correspondence between plaintiff and the other prisoner describing their plan.

Before the hearing on his conduct report, plaintiff complained to defendant Foster, the disciplinary hearing officer, that he was not being permitted to call his requested witnesses. Instead, Foster had approved other witnesses with whom plaintiff was not familiar.

Defendants Flieger and Dalbec testified at the hearing and "put the blame on Ms. Beaman," but plaintiff was not permitted to call her as a witness, even though the other prisoner involved in the conduct report was allowed to call her at his hearing. (Presumably, the other prisoner received a conduct report with the same charges, but plaintiff does not say that expressly.) In addition, Foster denied plaintiff's request for documents belonging to the other prisoner to be used as evidence at the hearing. Defendant found plaintiff guilty of all three charges, even though he dismissed the enterprises and fraud charge against the other prisoner.

OPINION

Plaintiff's primary legal theory is that defendants conspired against him in various ways because they knew plaintiff was planning to file a lawsuit against the warden. Plaintiff calls this "retaliation," but it is more accurate to call it a prior restraint because all of the alleged actions occurred *before* plaintiff filed his lawsuit. Fairley v. Andrews, 578 F.3d 518, 525 (7th Cir. 2009). However, regardless of the term used, I have stated in several previous cases that prison officials may not take adverse actions against a prisoner to inhibit him from exercising his constitutional rights. Vasquez v. Kingston, 06-C-743-C (W.D. Wis. Aug. 7,

5

2007); Wilson v. Greetan, 06-C-585-C (W.D. Wis. Nov. 20, 2006); Lindell v. O'Donnell, 05-C-04-C, 2005 WL 2740999, at *30 (W.D. Wis. Oct. 21, 2005). See also Fairley, 578 F.3d at 525 ("The first amendment protects speakers from threats of punishment that are designed to discourage future speech.").

The problem with plaintiff's claim is that absolutely nothing in his complaint supports a view that any of the defendants took any action against him because of a desire to deter him from filing a lawsuit rather than because they believed that he had violated prison rules. (Plaintiff is not challenging the validity of any of those rules in this case, so I do not consider that question.) Plaintiff does not allege that any of the defendants was named in the other lawsuit and he does not identify any reason that they would have to prevent him from filing the case.

Plaintiff's theory seems to be that defendants were trying to protect the warden, who was named in the case, but he alleges no facts to back this up and it makes little sense. The warden is named in many lawsuits by many prisoners each year; why would defendants pick this one as a target? Plaintiff has no answer. Perhaps if plaintiff had been making scandalous allegations against the warden, this would provide some basis for inferring a cover up, but plaintiff says his other lawsuit was a challenge to prison rules and had nothing to do with the warden personally.

Plaintiff insists that he did nothing wrong and that he was not using his legal loan account for the other prisoner's case in exchange for a promise to split any winnings. Although I must accept that allegation as true, it does little to help his claim. Plaintiff

admits that the other prisoner's name was found throughout the documents he wanted to copy. Although defendants may have made a mistake about the reason for this, that does not provide grounds for believing that defendants are trying to stop plaintiff from exercising his constitutional rights.

Although pleading standards under Fed. R. Civ. P. 8 are liberal, a plaintiff cannot rest on legal conclusions or simply list the elements of his claim. Agnew v. National Collegiate Athletic Association, 683 F.3d 328, 334 (7th Cir. 2012); McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011). Further, as I explained to plaintiff when screening his previous complaint, when a plaintiff alleges a conspiracy as plaintiff has in this case, "mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her [i]s not enough." Cooney v. Rossiter, 583 F.3d 967, 970-71 (7th Cir. 2009). Rather, the plaintiff must "present a story that holds together." Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010). Particularly when the allegations of a complaint show that the defendants had legitimate reasons for their actions, the plaintiff must provide some ground for questioning the sincerity of those reasons. McCauley v. City of Chicago, 671 F.3d 611, 618-19 (7th Cir. 2011); Brooks v. Ross, 578 F.3d 574, 578 (7th Cir. 2009).

In this case, plaintiff's own allegations make it clear that defendants had legitimate reasons for their actions and he alleges no facts undermining those reasons. Because plaintiff has nothing but his own suspicion to support his belief that defendants engaged in a conspiracy to violate his rights, I am dismissing this claim for plaintiff's failure to state a claim upon which relief may be granted.

This leaves plaintiff's equal protection claim. Although he says almost nothing about this claim in his complaint, in his declaration he alleges that defendant Foster treated him less favorably than the other prisoner accused of the same conduct. In particular, he alleges that Foster allowed the other prisoner to call an additional witness at his disciplinary hearing and that Foster dismissed one of the three charges against the other prisoner. However, plaintiff does not allege that Foster treated him differently for a reason that is subject to heightened scrutiny, such as race. Rather, he seems to be bringing a "class of one" claim in which the plaintiff alleges that he was treated differently not because he belonged to a particular group, but for reasons personal to the plaintiff. However, plaintiff identifies no reason that Foster would dislike him other than his lawsuit against the warden, but that cannot help him on this claim because the other prisoner was involved in that lawsuit as well.

When a plaintiff brings an equal protection claim that is not subject to heightened scrutiny, the plaintiff must "'allege facts sufficient to overcome the presumption of rationality that applies to government classifications.'" St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 639 (7th Cir. 2007) (quoting Wroblewski v. City of Washburn, 965 F.2d 452, 460 (7th Cir.1992)). Plaintiff has not met that standard in this case. Although he alleges that Foster allowed the other prisoner to call an additional witness and dismissed one of the charges against him, in light of the many possible explanations for the allegedly differential treatment, it is impossible to infer from those facts alone that Foster did not have a rational basis for his decision.

In any event, it is unlikely that the equal protection clause applies to the decisions

8

plaintiff is challenging.  In Engquist v. Oregon Department of Agriculture, 553 U.S. 591 (2008), the Supreme Court held that a plaintiff cannot bring a "class of one" claim under certain circumstances involving discretionary decision making.  See also Abcarian v. McDonald, 617 F.3d 931, 939 (7th Cir. 2010) ("[I]nherently subjective discretionary governmental decisions may be immune from class-of-one claims.").  Because plaintiff is challenging decisions that "by their nature involve discretionary decision-making based on a vast array of subjective, individualized assessments," Engquist, 553 U.S. at 603, this suggests strongly that plaintiff could not prevail on his equal protection claim even if he could show that there was no rational basis for the differential treatment.  Plaintiff's claim is similar to the one in United States v. Moore, 543 F.3d 891, 898-901 (7th Cir. 2008), in which the court concluded that a person may not bring a "class of one" claim for discrimination with respect to a decision to prosecute.  See also Dawson v. Norwood, 2010 WL 2232355, *2 (W.D. Mich. 2010) ("The class-of-one equal protection theory has no place in the prison context where a prisoner challenges discretionary decisions regarding security classifications and prisoner placement."); Alexander v. Lopac, 2011 WL 832248, *2 (N.D. Ill. 2011) (applying Engquist in prison context); Russell v. City of Philadelphia, 2010 WL 2011593, at * 9 (E.D. Pa. 2010) (same).  Accordingly, I am dismissing this claim as well.

ORDER

IT IS ORDERED that

1. This case is DISMISSED for plaintiff's failure to state a claim upon which relief may be granted.

2. A strike will be recorded in accordance with 28 U.S.C. § 1915(g).

3. Although the case is being dismissed, plaintiff still is obligated to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2). Section 1915 does not include an exception for dismissed cases. The clerk of court is directed to send a letter to the warden of plaintiff's institution informing the warden of the obligation under Lucien v. DeTella, 141 F.3d 773 (7th Cir. 1998), to deduct payments from plaintiff's trust fund account until the filing fee has been paid in full.

4. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 23d day of October, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge